IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY FLOYD GARCIA, JR.,

     Plaintiff,

     v.                           CASE NO.  24-3008-JWL

CENTURION, et al.,

     Defendants.

## MEMORANDUM AND ORDER

An initial review of the complaint filed in this matter reveals multiple deficiencies that leave this case subject to dismissal in its entirety. Plaintiff and state prisoner Ray Floyd Garcia, Jr. is therefore required to file an amended complaint to cure the deficiencies identified in this memorandum and order. Additionally, for the reasons explained below, the motion to appoint counsel is denied without prejudice. Plaintiff may refile the motion at a later date if material circumstances change.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the El Dorado Correctional Facility in El Dorado, Kansas and his fee status is pending. (*See* Doc. 4.) In his complaint, Plaintiff names as Defendants Centurion, a company, and Centurion's Director of Nursing at El Dorado Correctional Facility, Lindzie R. Mendoza. (Doc. 1, p. 1-2.) As the factual background for the complaint, Plaintiff alleges that he has an ankle wound and that Defendants have shared Plaintiff's medical records with a company called "My Wound Doctor" without first obtaining the required authorization from Plaintiff. *Id.* 1-3.

In the sole Count of the complaint, Plaintiff asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment based on the pain he has suffered due to My Wound Doctor "caus[ing Plaintiff's] ankle wound to get worse in treatment. *Id.* at 3. Plaintiff also asserts that Defendants violated Kansas Department of Corrections' Internal Management Policy and Procedure (IMPP) 16-105D by sharing Plaintiff's medical records without first obtaining his authorization. *Id.* As relief, Plaintiff seeks $60,000.00. *Id.* at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). As relevant here, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Defendant Centurion

This action is subject to dismissal as brought against Defendant Centurion because Plaintiff has failed to allege facts that, if true, state a plausible claim against it. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. Appx. 563, 567 (10th Cir. 2014) (unpublished) (citations omitted).

A city or municipality—and thus, a corporation—may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his or her constitutional rights or has caused a person to be subjected to such deprivation. *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). A city is not liable merely for the actions of its employees under a theory of respondeat superior. *See id*. In other words, "[a] municipality is not directly liable for the constitutional torts of its employees." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In the context of this action, that means that Centurion is not automatically or directly liable for the alleged actions of Defendant Mendoza or other Centurion employees.

Rather, to succeed on a claim against Centurion, Plaintiff "must first show a [company] policy or custom—either an official rule or one so entrenched in practice as to constitute an official policy." *See Finch*, 38 F.4th at 1244. Second, Plaintiff must show that Centurion "was deliberately indifferent to constitutional violations that were the obvious consequence of its policy," by showing that Centurion "had 'actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation' and 'consciously or deliberately [chose] to disregard the risk of harm.'" *See id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th

Cir. 1998)). Actual notice can be established by showing "a 'pattern of tortious conduct,'" and constructive notice can be established "'if a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a [company's] action or inaction.'" *See id.* (quoting *Barney*, 143 F.3d at 1308).

If Plaintiff establishes that Centurion was deliberately indifferent, the final step is showing "that the policy directly caused his constitutional injury . . . by showing that the [company] practice was closely related to the deprivation of rights." *Id.* These are "'rigorous standards of culpability and causation.'" *Id.* at 1246 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 398 (1997)). In addition, corporate liability may be premised on decisions made by employees with final policymaking authority that are relied upon by subordinates or a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010).

Even liberally construing the pro se complaint and taking all the facts alleged therein as true, Plaintiff has not pled a plausible claim against Centurion. He has not alleged facts that plausibly show that the events underlying this complaint were caused by any Centurion policy, that Centurion was deliberately indifferent to constitutional violations that were the obvious consequence of that policy, that the policy directly caused his injury, that the events were caused by Centurion employees who have final policymaking authority, or that the events were the result of a failure to train or supervise. Thus, any claim in this matter against Defendant Centurion is subject to dismissal.

## B. Defendant Mendoza

This action is subject to dismissal as against the remaining defendant, Defendant Mendoza,

because the complaint does not sufficiently allege her personal participation in the violation of Plaintiff's *constitutional* rights. Liberally construing the complaint, as is proper since Plaintiff proceeds pro se, it alleges that Defendant Mendoza violated an IMPP by failing to obtain written authorization before releasing Plaintiff's medical records. But violations of prison policies do not provide a cause of action under § 1983 unless the conduct that violated the policy "failed to conform to the constitutional standard." *See Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation.). In other words, Plaintiff must connect the violation of the IMPP to the violation of a constitutional right.

Thus, to state a viable claim against Defendant Mendoza, Plaintiff must provide sufficient detail to show her personal participation in unconstitutional acts. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). A plausible § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Additionally, conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Hall*, 935 F.2d at 1110.

Even liberally construing the pro se complaint and taking all the facts alleged therein as

true, the complaint does not identify a constitutional violation in which Defendant Mendoza personally participated. Thus, the complaint fails to state a plausible claim for relief against Defendant Mendoza.

### C.  Failure to State a Claim

Even setting aside the deficiencies noted above, the complaint fails to state a plausible claim for relief. Again, the violation of an IMPP is not sufficient by itself to state a basis for relief under 42 U.S.C. § 1983. The remaining portion of Count I asserts that Centurion violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment because Plaintiff's pain from his ankle wound has worsened during treatment that was allegedly directed by My Wound Doctor. (Doc. 1, p. 3.) As explained above, Plaintiff has not alleged the type of facts required to show that Centurion may be held liable in this action for acts of its employees. My Wound Doctor is not a defendant named in this action and Defendant Mendoza is not mentioned in the portion of the complaint alleging an Eighth Amendment violation, so the complaint does not allege a proper defendant for the Eighth Amendment claim.

Additionally, the factual allegations in the complaint are not sufficiently specific to allege a plausible claim that Plaintiff suffered unconstitutionally cruel and unusual punishment. Generally speaking, "[t]o state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.

The factual allegations in the complaint in this matter do not include any dates—either of

treatment or related to the release of Plaintiff's medical information—and they do not contain currently specific descriptions of the acts or events on which Plaintiff bases this action.[1] For example, Plaintiff does not explain when his medical information was improperly released or when he learned of the improper release or when and how My Wound Doctor became involved in his treatment. Assuming that My Wound Doctor decided the course of Plaintiff's treatment, Plaintiff does not describe the treatment, his wound, or how his wound deteriorated during the treatment, other than conclusory reference to "lots of pain" and a statement in the request for relief that the wound has "still not healed and [is] causing [Plaintiff] scars." (Doc. 1, p. 3, 5.)

Specific details are necessary for the Court to determine whether Plaintiff has a plausible Eighth Amendment claim. As the Tenth Circuit has recognized:

> Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which [the defendant] is charged. After all, § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. As a result, not all claims brought under § 1983 are governed by a single generic standard. Instead, we must judge the validity of the claim ... by reference to the specific constitutional standard which governs that right.

*Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished) (internal citations and quotation marks omitted).

It appears that Plaintiff may intend to assert that he was subjected to cruel and unusual punishment because of inadequate medical care. An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate

---

[1] To the extent that Plaintiff intends the attachments to his complaint to provide these facts, he is advised that he must include in the complaint itself sufficient facts to set out a plausible claim for relief. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74. Nor will the Court hunt through the 22 pages of exhibits Plaintiff has submitted in order to attempt to determine the relevant facts therein.

indifference" standard has two components, one objective and one subjective. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)).

In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez*, 430 F.3d at 1305. Moreover, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. See *Estelle*, 429 U.S. at 106-07. The prisoner's right is to medical care—not to the type or scope of medical care he personally desires. A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968); *see also Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim)

Arguably, Plaintiff has sufficiently alleged that his ankle wound was a serious injury by alleging that he received medical treatment of the wound. But Plaintiff has alleged no facts that

support a plausible claim that any Defendant was aware of and disregarded an excessive risk to Plaintiff's safety. Because Plaintiff has not alleged sufficient facts in the complaint to state a plausible claim that his Eighth Amendment rights were violated, his Eighth Amendment claim is subject to dismissal for failure to state a claim on which relief can be granted.

## IV.  Amended Complaint Required

To avoid dismissal of this action, Plaintiff is required to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. He must allege sufficient specific facts to show a plausible claim that each named defendant personally participated in a constitutional violation. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead the amended complaint completely supersedes the original complaint. Therefore, any claims or factual allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to the original complaint. To be clear, the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3008-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. If Plaintiff does not file an amended complaint on or before February 26, 2024 that cures the deficiencies discussed herein, this action will be dismissed without prejudice for failure to state a plausible claim for relief.

**V. Motion to Appoint Counsel**

Also before the Court is Plaintiff's motion for appointment of counsel. (Doc. 2.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel in this matter, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear that Plaintiff will assert a colorable claim against a named Defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to appoint counsel (Doc. 2) is **denied without prejudice**. Plaintiff is granted until and including **February 26, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff. The failure to

timely file an amended complaint that cures the deficiencies may result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 24, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**